```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
YESSUH SUHYES HUSSEY,

                        Plaintiff,              REPORT & RECOMMENDATION
                                                   22 CV 6566 (PKC)(LB)


CORRECTION OFFICER KRISTINA SQUARE,
CORRECTION OFFICER KWABENA KUDAWOO,
ADAM LITROFF, M.D.,

                        Defendant.
----------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

*Pro se* plaintiff filed this action on October 24, 2022. ECF No. 1. This case is one of 55 actions that plaintiff filed in this Court between October 2022 and April 2023 while incarcerated on Rikers Island. In his other cases, plaintiff failed to appear at two Court-ordered conferences and did not respond to multiple Orders, including Orders to confirm his address with the Court. On January 5, 2024, the Court gave plaintiff one final chance to confirm his current address in writing by January 19, 2024. Plaintiff did not do so. As such, it is respectfully recommended pursuant to 28 U.S.C § 636(b) that the Court should dismiss this case without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

Plaintiff filed the instant complaint and requested leave to proceed *in forma pauperis* on October 24, 2022. ECF Nos. 1, 3. On November 9, 2022, the Court granted plaintiff *in forma pauperis* status and dismissed plaintiff's complaint without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure, as the Court could not determine what claims plaintiff sought to allege. ECF No. 4. The Court granted plaintiff leave to file an amended complaint by December 9, 2022. Id. Plaintiff did not file an amended complaint by that date. On January 10,

1

2023, the Court *sua sponte* extended the deadline to February 9, 2023 in light of plaintiff's *pro se* status. See ECF Order dated January 10, 2023. On January 27, 2023, plaintiff filed seventeen separate amended complaints in this action, each naming different defendants.[1] ECF No. 6.

In addition to the complaints in this action, plaintiff also filed 43 other actions in this Court on February 16, 2023. The Court granted plaintiff *in forma pauperis* status in seven of those actions.[2] On January 3, 2024, the Court dismissed the actions for failure to prosecute, as plaintiff failed to appear at two Court-ordered conferences and failed to respond to multiple Orders in those cases, including Orders to provide his current address. See Orders dated January 3, 2024, 23-CV-2151 (PKC)(LB), 23-CV-2153 (PKC)(LB), 23-CV-2152 (PKC)(LB), 23-CV-2156 (PKC)(LB).

In addition to his Rikers Island address, plaintiff provided the Court with two addresses: one in Brooklyn, New York and the other in Laurel, Maryland. ECF No. 10. In October 2023, Corporation Counsel for the City of New York informed the Court that plaintiff was released from custody. The Court directed Corporation Counsel to confirm with the Department of Correction whether it had a different address for plaintiff than the Brooklyn address on file with the Court. Corporation Counsel confirmed that the Brooklyn address was plaintiff's only address on file with the Department of Correction. In plaintiff's other cases, copies of the Court's Orders sent the Maryland address were returned as undeliverable, and plaintiff failed to respond to

---

[1] Plaintiff also filed two letters on February 16, 2023—the first requesting discovery as to all of plaintiff's Section 1983 complaints, and the second describing a January 23, 2023 incident in which plaintiff alleges he was scratched by a fellow inmate and did not receive medical attention. ECF Nos. 7, 8. Plaintiff filed a third letter on February 27, 2023 describing an arrest that occurred in an Apple store. ECF No. 11.

[2] The Court transferred 16 actions to the United States District Court for the Southern District of New York, and dismissed the remaining 20 actions pursuant to 28 U.S.C. § 1915 without leave to amend. In dismissing the actions, the Court warned plaintiff that "the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking in forma pauperis status without leave of the Court." See, e.g., 23-CV-1779(PKC)(LB), ECF No. 5 at 4.

multiple Orders sent to the Brooklyn address, which were presumably delivered.[3]

On January 5, 2024, the Court granted plaintiff one final chance in this action to confirm his address with the Court by January 19, 2024. The Court warned plaintiff that if he did not confirm his address in writing by that date, I would recommend that this case should be dismissed for failure to prosecute. Plaintiff did not respond to the Order.

## DISCUSSION

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citing Minotti v. Lensink, 895 F.2d 100, 102 (2d Cir. 1990)). When a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). The power of a district court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).

A court considering dismissal for failure to prosecute must consider five factors:

[W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

---

[3] Specifically, plaintiff failed to attend two Court-ordered conferences, failed to respond to an Order to show cause and Orders directing him to provide his current address, and did not file objections to the Court's Report and Recommendation recommending dismissal of his actions for failure to prosecute.

Id. at 576 (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke v. Nirvana, 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020), report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020).[4] District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id.

      Plaintiff's failure to prosecute this action warrants dismissal. Plaintiff has not taken any action in this case since February 27, 2023 and did not respond to the Court's January 5, 2024 Order directing him to provide his current address in writing. "[T]he demand that a plaintiff provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Edwards v. Stevens, No. 11-CV-7329, 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (internal quotation marks and citation omitted). Indeed, because an action cannot proceed without the Court knowing plaintiff's current address, courts have repeatedly held that a plaintiff's "failure to maintain such an address with the Court" is a sufficient ground to dismiss without prejudice for failure to prosecute. Pratt v. Behari, No. 11-CV-6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (involving a plaintiff who was released from custody). When a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008). Dismissal without prejudice properly balances the Court's need to move its cases with *pro se* plaintiff's right to due process, including the "special leniency regarding procedural matters" afforded to *pro se* litigants. Sessoms on

---

[4] The Clerk of Court is respectfully directed to send plaintiff copies of all unreported cases cited herein.

behalf of V.C. v. Comm'r of Soc. Sec., No. 21-CV-1788 (RPK), 2022 WL 511646, at *2 (E.D.N.Y. Feb. 21, 2022) (quoting LeSane, 239 F.3d at 209).

## CONCLUSION

Accordingly, it is respectfully recommended that this action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 24, 2024
        Brooklyn, New York

5